IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>JAMES KURT BIRD,<br><br>      Debtor. | 8:20CV438<br><br>BANKRUPTCY NO. BK20-80890<br>(Chapter 13) |
| VAGA LAND HOLDINGS 19, LLC,<br><br>      Appellant,<br><br>v.<br><br>JAMES KURT BIRD,<br><br>      Appellee. | **MEMORANDUM<br>OPINION** |

On September 9, 2020, VAGA Land Holdings 29, LLC ("VAGA"), a secured creditor in debtor James Kurt Bird's ("Bird") Chapter 13 bankruptcy case, moved for relief from the automatic stay, *see* 11 U.S.C. § 362(a), (d), arguing VAGA was not adequately protected under Bird's Chapter 13 Plan. At the end of a motion hearing on October 5, 2020, the bankruptcy court[1] granted VAGA limited relief "for the purpose of reinstatement of" VAGA's state-court judicial-foreclosure lawsuit but denied further relief. VAGA appeals, and this Court affirms.[2]

I.      BACKGROUND

Bird has an ownership interest in real property located at 12517 Arbor Street in Douglas County, Nebraska (the "property"). Bird failed to pay real estate taxes on the

---

[1]The Honorable Brian S. Kruse, United States Bankruptcy Judge for the District of Nebraska.

[2]Having examined the parties' briefs and the record in this case, the Court finds oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. Bankr. P. 8019(b)(3).

property, which is his residence, for the 2015 tax year.  On March 6, 2017, the Douglas County Treasurer ("Treasurer") conducted a tax sale for the property.  VAGA paid the taxes and acquired a lien on the property represented by a certificate of tax sale ("certificate").  Bird did not redeem the certificate, and VAGA issued a Notice of Application for Tax Deed on April 21, 2020.  The next day, VAGA filed a complaint in state court seeking to judicially foreclose the certificate ("foreclosure case").

On July 15, 2020, Bird filed a Chapter 13 bankruptcy petition.  He filed a suggestion of bankruptcy in the foreclosure case five days later.  On July 28, 2020, Bird filed a Chapter 13 Plan (the "plan"), treating VAGA's certificate as a mortgage claim and proposing to pay the full certificate amount under the plan.

On September 9, 2020, VAGA moved for relief from the automatic stay, arguing it was not adequately protected by Bird's plan and should be allowed to continue prosecuting the foreclosure case.[3]  VAGA also contended the plan was "unconfirmable because it improperly extends" Bird's window to redeem the certificate contrary to *Justice v. Valley National Bank*, 849 F.2d 1078, 1085 (8th Cir. 1988), and *In re Froehle*, 286 B.R. 94, 101 (B.A.P. 8th Cir. 2002).  VAGA noted in its motion that it had separately objected to the plan on that basis.  In resisting the motion for relief, Bird contended VAGA made a binding election to pursue the title to the property under the judicial-foreclosure method under Neb. Rev. Stat. § 77-1902 *et seq.*, rather than apply for a treasurer's tax deed under Neb. Rev. Stat. § 77-1824.

On September 10, 2020, VAGA filed a proof of claim in the bankruptcy case in the amount of $9,316.06, which included attorney fees of $846.69.  The amount was fully secured by the lien on the property with annual interest of 14%.  According to Bird's declaration, the property is valued at $135,300 and subject only to VAGA's secured claim,

---

[3]While VAGA's motion was pending, the state court improvidently dismissed the foreclosure case for lack of prosecution.

leaving "an equity cushion in the amount of $125,983.94." Bird later amended the plan to increase the monthly payments and change the category of VAGA's claim from a mortgage claim to a claim secured by real property to be paid in full. VAGA did not resist or object to confirmation of the amended plan.

The bankruptcy court held a hearing on VAGA's motion for relief on October 5, 2020. At the motion hearing, VAGA argued the Nebraska Supreme Court's decision in *HBI, L.L.C. v. Barnette*, 941 N.W.2d 158, 165 (2020), "explicitly authorizes a certificate holder to file a judicial foreclosure action and pursue application of the treasurer's tax deed." VAGA further argued that under VAGA's interpretation of *In re Froehle*, 286 B.R. at 103, "the automatic stay does not preclude a certificate holder from making application through a county treasurer for a tax deed."

Ruling from the bench, the bankruptcy court acknowledged *HBI* "indicates that a creditor is not bound 100 percent by their election" but found the case distinguishable. The bankruptcy court found VAGA made an election "in this particular case by the filing of the [foreclosure case] which was pending at the time of the bankruptcy, the fact of a proof of claim indicates that attorney's fees are requested, and the fact that" VAGA indicated in its motion for relief that it wanted foreclosure to proceed. The bankruptcy court further found "no lack of adequate protection" because VAGA had "a first position lien" with little chance of anyone taking priority. Given those unique circumstances, the bankruptcy court denied VAGA's request for relief from the stay, except for the limited purpose of allowing VAGA to reinstate the foreclosure case. The bankruptcy court did not prepare a written order.

On October 14, 2020, the bankruptcy court confirmed the amended plan; it is still in effect. Bird states "[t]he payments on VAGA's secured claim should be completed on or about October 2022."

On October 19, 2020, VAGA filed a Notice of Appeal (Filing No. 1) appealing only from the bankruptcy court's oral "*Order Granting in part, Denying in part Motion for Relief from Stay*" and electing to have its appeal heard by this Court.  *See* 28 U.S.C. § 158(b)(1), (c)(1)(A).  VAGA did not appeal from the order confirming Bird's amended plan.

VAGA raises two issues on appeal—whether the bankruptcy court erred in (1) "denying VAGA's motion for relief from the automatic bankruptcy stay in determining that VAGA was adequately protected" under Chapter 13 and (2) "determining VAGA had made a binding election to pursue a Treasurer's tax deed via the judicial foreclosure method pursuant to Neb. Rev. Stat. § 77-1917 (judicial foreclosure method), and was barred from later proceeding under Neb. Rev. Stat. § 77-1824 (treasurer's tax deed method) to obtain a treasurer's tax deed."[4]

## II.    DISCUSSION

### A.    Standard of Review

This Court has "jurisdiction to hear appeals from final judgments, orders, and decrees" of the bankruptcy court.  28 U.S.C. § 158(a)(1).  "When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error."  *In re WEB2B Payment Sols., Inc.*, 815 F.3d 400, 404 (8th Cir. 2016) (quoting *In re Falcon Prods., Inc.*, 497 F.3d 838, 840-41 (8th Cir. 2007)).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

---

[4]VAGA's arguments on appeal cover considerably more ground.  The Court has not considered any issues not specifically presented to the bankruptcy court in connection with the motion for relief from stay or any arguments first raised in VAGA's reply.  *See, e.g.*, *In re Bennett*, 917 F.3d 676, 680 (8th Cir. 2019); *In re Reuter*, 686 F.3d 511, 519 n.8 (8th Cir. 2012).

### B.    No Reversible Error

As the parties point out, Nebraska law provides two separate and distinct methods by "which the holder of a tax certificate can obtain a deed to the property purchased at a tax sale." *Adair Asset Mgmt., L.L.C. v. Terry's Legacy, LLC*, 875 N.W.2d 421, 425-26 (Neb. 2016).    Under the "tax deed" method, "the holder of a tax certificate can obtain a tax deed from the county treasurer, after having given proper notice." *Id.* at 425.   Under the "judicial foreclosure" method, the certificate holder "can foreclose upon the tax lien in a court proceeding and compel sale of the property, yielding a sheriff's deed." *Id.*

"The choice between these two procedures rests with the holder." *Neun v. Ewing*, 863 N.W.2d 187, 193 (Neb. 2015).  Once made, that choice (or election) determines which statutory provisions "govern the rights of the parties in relation to the tax sale certificate." *Id.* at 194 ("By filing a judicial foreclosure action, the holder has elected to proceed under chapter 77, article 19.").   That includes the specific procedures by which the debtor can redeem the property. *Id.* at 193-94, 196 ("Sections 77-1824 and 77-1917 provide separate procedures, requirements, and time limits for redeeming property.").  In other words, if the holder elects "to proceed by judicial foreclosure[,] . . . both the holder and the property owner are bound by that election." *Id.* at 194.

That is not to say that the holder is forever bound by its initial choice and can never change course. *See HBI*, 941 N.W.2d at 165.  In appropriate circumstances, the holder can dismiss the judicial-foreclosure action and pursue the tax-deed method. *Id.* (deciding a holder's "election to initially file and dismiss the judicial foreclosure action did not preclude his application for a tax deed" because he retained his "right to voluntary dismissal under §§ 25-601 and 25-602").

Here, VAGA issued a Notice of Application for Tax Deed on April 21, 2020.  The next day, it filed the foreclosure case.  While that case was pending, Bird filed for bankruptcy, which automatically stayed the foreclosure case. *See* 11 U.S.C. § 362(a).  A few weeks later, VAGA moved for relief from the automatic stay so it could "continue

5

prosecuting" its judicial foreclosure.  At the motion hearing, VAGA argued that under VAGA's interpretation of *HBI*, VAGA was "not bound by either a judicial foreclosure or other election to avail itself of its rights under the tax certificate that it holds."

The bankruptcy court rejected VAGA's proposed interpretation of *HBI*, concluding § 362(a) stayed what VAGA was "trying to do . . . because it stays the continuation of a judicial proceeding, an act to obtain possession of property of the estate, or an act to create, perfect or enforce a lien"—which is what a tax certificate is under Nebraska law.  Based on VAGA's actions in this case, the bankruptcy court found "VAGA elected to judicially foreclose" its tax certificate.  In particular, the bankruptcy court noted that "although VAGA sent both," it followed the tax-deed notice with a judicial-foreclosure lawsuit that was pending when Bird filed his bankruptcy petition.  The bankruptcy court further emphasized (1) VAGA filed a proof of claim in the bankruptcy case that included a request for attorney fees—fees that are only available under the judicial-foreclosure method, and (2) VAGA's motion for relief, which was then before the bankruptcy court, requested that VAGA receive relief from the stay so it could proceed with foreclosure.  Those facts, the bankruptcy court concluded, indicated VAGA elected the judicial-foreclosure method and "certainly [made such an election] in the bankruptcy case."

Based on that determination, the bankruptcy court concluded § 362(a)'s automatic stay precluded the affirmative steps VAGA would have to take to judicially foreclose under Nebraska law.  Noting the foreclosure action had been improvidently dismissed by the state court, the bankruptcy court granted VAGA limited relief from the stay to reinstate the foreclosure action.  In denying further relief from the stay, the bankruptcy court concluded VAGA was adequately protected because it had "a first position lien" that was not subject to "having anyone come ahead of it except for subsequent taxes."  The bankruptcy court suggested the parties discuss whether they could reach an agreement to address that issue.  On January 18, 2021, VAGA moved in state court to reinstate the foreclosure case.

6

On appeal, VAGA contends "the bankruptcy court incorrectly held that VAGA made a binding election to proceed under the judicial foreclosure method." As VAGA sees it, the bankruptcy court misconstrued the facts in *HBI* and incorrectly distinguished the case on that basis.

 Revealing a corporate affiliation with the creditor in *HBI*, VAGA shares facts that are "not explicitly spelled out in the [*HBI*] case itself," like the fact that the creditor in *HBI* "employed the exact same process as VAGA here." Based on those facts, VAGA contends

> it is perfectly rational - and lawful under *HBI, L.L.C.* - for a certificate holder to send the notice of application for treasurer's tax deed under Article 18 of Chapter 77 (for which no attorneys fees are recoverable), and while waiting for the three-month window to expire following the sending of the notice, to file a judicial foreclosure of the tax certificate, which entitles the certificate holder to recover attorneys fees if the borrower redeems during the three-month window.

> Then, once the three-month window expires after the certificate holder sends the notice of application for tax deed (assuming no counterclaim has been filed in the district court), the certificate holder may dismiss the judicial foreclosure and immediately apply for a treasurer's tax deed, thus sparing itself the time and expense of the judicial foreclosure process.

In other words, VAGA contends *HBI* authorizes the certificate holder to, in essence, pursue both methods for obtaining a deed at the same time. VAGA does not deny its conjoined method could confuse the debtor and confound the exercise of their right to redeem but says "[i]t is not the certificate holder's fault that the methods for redeeming the certificate differ under Articles 18 and 19 of Chapter 77." In VAGA's view, "the bankruptcy court was beyond its province in holding that VAGA was precluded from" completing that process here.

VAGA further argues that the bankruptcy court erred in concluding *In re Froehle* did not apply in this case. VAGA maintains that under *In re Froehle*, the stay under § 362 did not apply and thus did not preclude VAGA from "exchanging its tax certificate for a

tax deed." According to VAGA, the bankruptcy court "erred in holding that VAGA was not entitled to relief from the automatic stay to pursue completion of the judicial foreclosure or application for treasurer's tax deed." VAGA's arguments are unavailing.

To begin, VAGA unduly focuses on immaterial and extra-record facts and alleged misstatements by the bankruptcy court during the hearing that are, at best, tangential to the analysis of the determinative issues on appeal. At the same time, VAGA fails to adequately address the key facts the bankruptcy court reasonably decided supported finding that VAGA had elected the judicial-foreclosure method and proceeded on that basis in the bankruptcy case. The fact that the foreclosure case was pending when Bird filed for bankruptcy and that VAGA specifically sought relief from the stay to pursue foreclosure were integral to the bankruptcy court's conclusion, yet VAGA all but ignores them in its opening brief.

VAGA's wholesale reliance on its insider's interpretation of *HBI* is likewise misplaced. Nothing in the holding of that case casts serious doubt on the bankruptcy court's conclusions that VAGA elected the judicial-foreclosure method under the circumstances of this case and that method governed the parties' rights in relation to the certificate during the bankruptcy proceedings. *See Neun*, 863 N.W.2d at 194. In *HBI*, the Nebraska Supreme Court held that filing a judicial-foreclosure action did not necessarily preclude dismissing the case and applying for a tax deed. But the fact that the holder's choice to pursue the judicial-foreclosure method is not necessarily irrevocable does not mean that the holder has not made a choice under *Neun* or that the holder cannot be held to their choice while actively pursuing the judicial-foreclosure method. Indeed, the whole purpose of the second step of VAGA's toggling-remedy process is to elect the judicial-foreclosure method during the redemption period and thereby control Bird's method of redemption. That election was still active when Bird filed for bankruptcy.

Even if VAGA is correct that *HBI* generally authorizes VAGA to toggle between methods of obtaining a tax deed, the case does not control the outcome here.  *HBI* clarified the decision in *Neun*; it did not overrule it.  *See HBI*, 941 N.W.2d at 165.  Nor did it otherwise fundamentally alter the Nebraska Supreme Court's precedent regarding converting a tax certificate, which requires courts to strictly construe the relevant statutes "in favor of the landowner." *Adair Holdings, LLC v. Johnson*, 936 N.W.2d 517, 523 (Neb. 2020).  Put simply, *HBI* says nothing about (1) the effect of Bird filing bankruptcy while the foreclosure action was still pending or (2) VAGA's ability to toggle back and forth between the two distinct methods of conversion after filing a proof of claim based on the judicial-foreclosure method and specifically asking the bankruptcy court for relief from the automatic stay so it could pursue judicial foreclosure.

In its reply, VAGA points out that it tried to switch gears and persuade the bankruptcy court at the motion hearing that it was free to pursue a tax deed, particularly in light of the erroneous dismissal of the foreclosure case.  VAGA also asserts the bankruptcy court erred in denying VAGA's motion for relief from the stay because VAGA could have reversed all the actions it took in the foreclosure action.  The arguments carry little weight.  Again, the fact that an action *could* be reversed does not necessarily mean the action itself is without effect.  What's more, regardless of what VAGA could have done or might have done in different circumstances, it did not withdraw its proof of claim in the bankruptcy case and never objected to Bird's amended Chapter 13 plan.

Upon careful review of the totality of the circumstances of this case, the Court detects no reversible error in the bankruptcy court's decision to deny VAGA further relief from the automatic stay.  *See* 11 U.S.C. § 362(a).  The Court also agrees with the bankruptcy court that VAGA's arguments based on *In re Froehle*, 286 B.R. at 103, and *Justice*, 849 F.2d at 1085, do not compel a different result with respect to VAGA's motion for relief from stay in these circumstances.

### III.   CONCLUSION

For the foregoing reasons, the bankruptcy court's October 5, 2020, order granting in part and denying in part VAGA's Motion for Relief from Stay is affirmed.  A separate judgment will issue.

Dated this 17th day of March 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge